**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1972-18T3

REHAN ZUBERI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 19, 2019 – Decided January 29, 2020

Before Judges Nugent and Suter.

On appeal from the New Jersey Department of Corrections.

Adam W. Toraya, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Stephanie R. Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Rehan Zuberi, an inmate at Southern State Correctional Facility, appeals from a final decision of the Department of Corrections (DOC) that denied his request for a reduced-custody status to "Full Minimum." He argues:

> THE INSTITUTIONAL CLASSIFICATION COMMITTEE'S DECISION TO PLACE OVERRIDE CODE B UPON PLAINTIFF AND DENY HIM MINIMUM STATUS WAS ARBITRARY, CAPRICIOUS AND FUNDAMENTALLY UNFAIR.

For the following reasons, we affirm.

On September 5, 2017, a judge sentenced appellant to an aggregate prison term of eight years with two years and eight months of parole ineligibility for money laundering, commercial bribery, and theft by deception. As with all new inmates, appellant underwent initial classification processing (N.J.A.C. 10A:9-2.1(a)) and thereafter began to serve his sentence at Mid-State Correctional Facility. Of the six categories of custody status within the New Jersey Department of Corrections—close custody, maximum custody, medium custody, gang minimum custody, full minimum custody, and community custody, N.J.A.C. 10A:9-4.1(a)—he was assigned medium custody status.

Appellant's status was based on application of an "override code," a code applied "when an inmate cannot be assigned to the recommended custody status

A-1972-18T3

indicated by the custody status score on the Initial or Reclassification Instruments." N.J.A.C. 10A:9-2.14(a). The applicable override code was "Code F: Medium custody status assignment of above pending U.S. Immigration and Customs Enforcement (ICE) response indicating interest pursuant to N.J.A.C. 10A:9-4.6(n). . . ." N.J.A.C. 10A:9-2.14(a)(7). N.J.A.C. 10A:9-4.6(n) states: "Foreign born inmates, excluding U.S. territories and possessions, shall be eligible to be considered for reduced custody status provided the U.S. Immigration and Customs Enforcement (ICE) has not responded to referrals within 120 calendar days." On September 15, 2017, ten days after appellant was sentenced, ICE had sent the DOC an "Interest Letter" that stated, "[s]ubject is currently under investigation as a criminal alien and may receive an immigration detainer in the future as DHS[1] processes according to release date."

Appellant was subsequently transferred to Southern State Correctional Facility. Based on his scores on a "Reclassification Instrument," appellant could have been assigned full minimum custody status, but was assigned medium custody status based on override "Code B: Medium custody status assignment or above pending disposition of non-permissible detainer or open charge pursuant to N.J.A.C. 10A:9-4.6." N.J.A.C. 10A:9-2.14(a)(2).

---

[1] Department of Homeland Security.

Following some procedural events not relevant to the sole issued raised by this appeal, and the DOC's confirmation that ICE continued its interest in appellant and intended to lodge a detainer "once the case was processed," appellant exhausted his administrative remedies challenging the applicability of the B override. He contended the interest expressed by ICE was not considered a detainer. The DOC responded that "[t]he Interest Letter lodged by ICE is a non-permissible detainer for purposes of reduced custody." DOC has consistently considered ICE letters of active interest in inmates as non-permissible detainers precluding reduced custody status until the involvement by ICE is resolved, and uses the B override code if required.

On appeal, appellant cites N.J.A.C. 10A:9-4.6(h) through (n), which enumerate the detainers and open charges that will preclude reduced custody status when an inmate would otherwise qualify for such status. Appellant points out that he has no detainers and no open charges. He insists that an ICE letter of interest is neither a detainer nor an open charge, and the DOC's contrary position is arbitrary, capricious, and unreasonable. He also claims he has been granted lawful permanent residency and was turned over to ICE after his arrests for the current charges, so his conviction of these charges cannot result in his removal from the United States.

Our review of agency determinations is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  In reviewing administrative adjudications, an appellate court must undertake a "careful and principled consideration of the agency record and findings."  Riverside Gen. Hosp. v. N.J. Hosp. Rate Setting Comm'n, 98 N.J. 458, 468 (1985).  We accord a "strong presumption of reasonableness" to the agency's exercise of its statutorily delegated responsibilities, City of Newark v. Nat. Res. Council, 82 N.J. 530, 539 (1980), and generally "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system."  In re Application of Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

For these reasons, we ordinarily will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence."  Ibid.  The burden of showing that the agency's action was arbitrary, unreasonable, or capricious rests upon the appellant.  See Barone v. Dep't of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986).

In New Jersey, "the Commissioner of the Department of Corrections has complete discretion in determining an inmate's place of confinement. . . ."  Smith

v. N.J. Dep't of Corr., 346 N.J. Super. 24, 29 (App. Div. 2001) (citing N.J.S.A. 30:4-91.2).  Moreover, "a reduction in custody status is a matter of privilege, not of right."  Id. at 30 (citing N.J.A.C. 10A:9-4.2).

Here, the DOC's decision was not arbitrary, capricious, or unreasonable. Our deference to the DOC's expertise is appropriate with respect to administration of the regulatory scheme concerning security status assigned to inmates.  This is particularly so here, considering the Commissioner's knowledge of the implications of an ICE letter of interest to the potential federal custody of a current State inmate, and the security risks posed by such implications.  Appellant has not overcome the "strong presumption of reasonableness" to the agency's exercise of its statutorily delegated responsibilities.  Nat. Res. Council, 82 N.J. at 539.

Nor is appellant's argument that he cannot be deported persuasive.  The argument is based on hearsay statements from his attorney and does not explain why ICE continues its interest in him.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1972-18T3